IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CR-00195-RJC-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PAUL R. TOTH JR. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for early release to home confinement. (Doc. No. 32).

Title 18, United States Code, Section 3624(c) allows the Bureau of Prisons (BOP) to place a prisoner in pre-release custody under conditions, including home confinement, for the last portion of a sentence in preparation for re-entry into the community. The Second Chance Act of 2007, among other things, expanded the allowable time period for pre-release custody from six to twelve months, but limits the time in home confinement to six months. Pub. L. No. 110 199, § 251, 122 Stat. 657, 692-93 (2008). The Act clearly states that it does not alter the BOP's authority to designate the place of the prisoner's imprisonment under 18 U.S.C. § 3621, and prohibits a court from ordering that a sentence be served in a community confinement facility. Id. The First Step Act of 2018, among other things, amended § 3624(c) by adding a sentence directing the BOP to place qualifying prisoners in home confinement for the maximum amount of time permitted. Pub. L. 115-135, § 602.

In response to the COVID-19 pandemic, the Coronavirus Aid, Relief, and Economic Security (CARES) Act became law on March 27, 2020. Pub. L. 116-136,

134 Stat 281. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. The Court appreciates the defendant's efforts at self-improvement during confinement and his concern for his health, but only the BOP has the statutory authority to make the necessary assessment of whether to transfer to home confinement.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DISMISSED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: April 28, 2020

Robert J. Conrad, Jr.
United States District Judge